STATE OF NEBRASKA, APPELLEE, V.
VICTOR RODRIGUEZ, APPELLANT.
660 N.W.2d 901

Filed May 13, 2003.   No. A-02-725.

Dennis R. Keefe, Lancaster County Public Defender, Shawn D. Elliott, and Matthew G. Graff, Senior Certified Law Student, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS, INBODY, and MOORE, Judges.

MOORE, Judge.

## I. INTRODUCTION

The district court for Lancaster County, Nebraska, accepted Victor Rodriguez' guilty plea to the charge of attempted first degree sexual assault on a child pursuant to Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995), a Class III felony. At sentencing, the district court also determined Rodriguez to be a "sexually violent offender" under Nebraska's Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (Cum. Supp. 2000). Rodriguez challenges the district court's determination that he is a sexually violent offender and asserts that his rights of due process were violated in determining the same. For the reasons set forth herein, we affirm in part and in part reverse, and remand for resentencing in connection with a determination of whether Rodriguez is a sexually violent offender.

## II. BACKGROUND

This case stems from events that occurred on the evening of July 27, 2001. Three individuals were involved: Rodriguez, Salome Moreira (Rodriguez' codefendant), and a 15-year-old female, Jessica M.

On the morning of July 28, 2001, the Lincoln Police Department was notified by the Child Advocacy Center about a sexual assault that had occurred the evening before. An officer of the police department responded and made contact with the victim, Jessica, at her residence. Jessica informed the officer that she had attended a party the evening before at a local motel. She stated that Rodriguez and two other male individuals picked her up from her residence. Jessica stated that upon her arrival at the party, everyone was drinking alcohol and watching television. She requested something to drink and was given a plastic soft drink bottle, about half full, with no cap on the bottle. She stated that after she drank the contents of the bottle, she started feeling " 'weird,' " and that the next thing she remembered was being in the motel bathroom with one of the male individuals from the party (not Rodriguez or Moreira) requesting her to perform oral sex on him. She recalled telling this individual no and then hearing him say, " '[S]omething[']s wrong with this girl, we need to take her home.' " Jessica also remembers that some of the other individuals from the party had circled around the bathroom door, looking in at her. At that point in time, Rodriguez and "Donald" (later identified as Moreira) volunteered to take her home.

Jessica further reported that Rodriguez and Moreira assisted her down the stairs at the motel to Moreira's car, where Jessica got into the back seat. She stated that she has no memory of anything further until she woke up with Moreira lying on top of her and having intercourse with her. At that point, she told him to get off of her and unsuccessfully tried to kick her legs to get him off of her. Jessica further stated that she was crying and pleading with him to get off of her and take her home. Jessica indicated that during this time, the car was moving and she presumed that Rodriguez was driving. She recalled that thereafter, as she was fading in and out of consciousness, Rodriguez was on top of her, having intercourse, while she was pleading with him to let her go and take her home. Jessica stated that eventually, Rodriguez told

her to get her clothes on. Jessica indicated that while she was trying to get dressed and put her shoes on, Rodriguez pushed her out of the car, and that the car then sped away.

On July 28, 2001, Jessica underwent a rape exam at a local hospital, and it was later determined that Rodriguez could not be excluded as the source of the sperm found in connection with this rape exam.

On October 12, 2001, Rodriguez was charged with first degree sexual assault on a child pursuant to § 28-319(1)(c), which charge was later amended to attempted first degree sexual assault on a child. Rodriguez waived his right to a preliminary hearing and pled guilty to the charge in the amended information on April 9, 2002, pursuant to a plea agreement with the State. On May 30, Rodriguez was sentenced to serve 3 to 6 years' imprisonment, with credit for 273 days served. Because of the conviction, Rodriguez is required to comply with the provisions of the Sex Offender Registration Act. The sentencing court also found, over Rodriguez' objection, that Rodriguez was a sexually violent offender based upon the nature of the acts that occurred that evening and specifically the actions of Rodriguez and Moreira. We note from the presentence report that Moreira, the codefendant in this case, entered a plea of no contest to the charge of attempted first degree sexual assault on a child and was ordered to serve the same sentence as that imposed on Rodriguez.

### III. ASSIGNMENTS OF ERROR

On appeal, Rodriguez claims that the district court erred in (1) determining that he is a sexually violent offender, because the court failed to follow the statutory procedure in making such a determination; (2) determining that he was a sexually violent offender without granting him basic due process rights; and (3) imposing an excessive sentence.

### IV. STANDARD OF REVIEW

Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Mather*, 264 Neb. 182, 646 N.W.2d 605 (2002).

Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *Id.*

## V. ANALYSIS

### 1. "SEXUALLY VIOLENT OFFENDER" DETERMINATION

Rodriguez first asserts that the district court erred in making the determination that Rodriguez was a sexually violent offender, as defined by the Sex Offender Registration Act, because the court failed to follow the statutory procedure for making such a determination. Specifically, Rodriguez claims that the court failed to receive any expert evidence on which to base its decision as required by § 29-4005.

### (a) Sex Offender Registration Act Background

Nebraska enacted a version of "Megan's Law," which requires people convicted of certain criminal offenses, most of them sexual in nature, to register with the state upon their release into the community and provides for disclosure of information gathered through the registry. See *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S. Ct. 1160, 155 L. Ed. 2d 98 (2003). Nebraska's version of the law, most recently amended in 2002, requires registration of people who have been convicted of crimes that fall within 10 statutorily defined categories.

### (b) Sex Offender Registration Act Applied

The version of § 29-4005 in effect at the time of Rodriguez' sentencing provided in pertinent part:

(2)(a) When sentencing a person for an offense listed in subdivision (1)(a) of section 29-4003, a court may also determine if the person is a sexually violent offender. *When making its determination the court shall consider evidence from experts in the field of the behavior and treatment of sexual offenders.*

(b) If the sentencing court determines that a person is a sexually violent offender, the person shall be required to register under the Sex Offender Registration Act until the sentencing court determines that the person no longer suffers from a mental abnormality or personality disorder that

makes the person likely to engage in a sexually violent offense. Such determination shall not be made until ten years after the date of discharge from probation, parole, or release from incarceration, whichever date is most recent.

. . . .

(d) For purposes of this section:

(i) Mental abnormality means a congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of a criminal sexual act to a degree that makes the person a menace to the health and safety of other persons; and

(ii) *Sexually violent offender means a person* who has been convicted of one or more offenses listed in subdivision (1)(a) of section 29-4003 and *who suffers from a mental abnormality or personality disorder that makes the person likely to engage in sexually violent offenses directed at a stranger, or at a person with whom a relationship has been established or promoted, for the primary purpose of victimization.*

(Emphasis supplied.)

By its plain language, § 29-4005 required that when making a determination that a person is a sexually violent offender, the sentencing court *shall* consider evidence from experts in the field of the behavior and treatment of sexual offenders. As a general rule, the word "*shall*" is considered mandatory and is inconsistent with the idea of discretion. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002). A fundamental principle of statutory construction requires that penal statutes be strictly construed. *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002). In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Rubek*, 11 Neb. App. 489, 653 N.W.2d 861 (2002).

The record in the instant case contains a small bill of exceptions and a voluminous presentence investigation report that consists of 407 pages, none of which includes expert evidence demonstrating that Rodriguez suffers from a mental abnormality

or personality disorder that makes him likely to engage in sexually violent offenses directed at a stranger, or at a person with whom a relationship has been established or promoted, for the primary purpose of victimization. Thus, there is no indication that the court considered any evidence from any expert in the field of the behavior and treatment of sexual offenders in making its determination that Rodriguez is a sexually violent offender. Therefore, we reverse the district court's sentence to the extent that it found that Rodriguez is a sexually violent offender.

Although neither party addressed the issue in their briefs, we must determine whether the matter may be remanded to the district court for resentencing without violating the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions, U.S. Const. amend. V, and Neb. Const. art. I, § 12. Our research has revealed no cases, either in Nebraska or elsewhere, which have specifically addressed this issue in connection with a remand for determination of a defendant's classification as a sexually violent offender. However, other jurisdictions, with sexual offender registration acts similar to Nebraska's, have determined that such acts do not violate the federal Double Jeopardy Clause because their statutory schemes are civil in nature, are not penal, and are primarily intended to protect the public. See, *Turner v. Superior Court*, 105 Cal. App. 4th 1046, 1050, 130 Cal. Rptr. 2d 300, 303 (2003) (double jeopardy prohibition is inapplicable to "Sexually Violent Predators Act" because statutory scheme is civil in nature); *Hudson v. State*, 825 So. 2d 460 (Fla. App. 2002) (statute governing commitment of sexually violent predator is civil in nature and does not violate Double Jeopardy Clause of either federal or state Constitution); *In re Commitment of Rachel*, 254 Wis. 2d 215, 647 N.W.2d 762 (2002) (sexually violent person commitment statute did not violate double jeopardy prohibition, and its purpose was not to punish sexual offender); *State v. Carpenter*, 197 Wis. 2d 252, 541 N.W.2d 105 (1995) (sexually violent person commitment statute was primarily intended to protect public and provide treatment to convicted sexually violent persons).

Further, we are guided by the principles enunciated by the Nebraska Supreme Court in *State v. Nelson*, 262 Neb. 896, 636 N.W.2d 620 (2001), wherein the court held that double jeopardy principles do not apply to habitual criminal enhancement

proceedings under Neb. Rev. Stat. § 29-2221 (Reissue 1995). In *Nelson*, the court found that the district court had committed plain error in sentencing the defendant as a habitual criminal where the State failed at the enhancement hearing to affirmatively establish that the defendant was represented by counsel at the time of the pleas in his two prior felony convictions. The defendant asserted that the State was prohibited on remand from attempting to resentence him as a habitual criminal, based on double jeopardy arguments. In rejecting this argument, the court relied upon the U.S. Supreme Court's decision in *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998), wherein the court concluded that the federal Double Jeopardy Clause did not preclude a resentencing hearing, the subject of which would be the merits of allegations regarding the existence of prior serious felony convictions under California's "three-strikes" law. The court in *Monge*, while recognizing that the sentence enhancement proceeding had certain hallmarks of a trial, noted that double jeopardy protections are generally inapplicable to noncapital sentencing proceedings because the determinations at issue in sentencings do not place a defendant in jeopardy for an " 'offense.' " 524 U.S. at 721. See, also, *State v. Neiss*, 260 Neb. 691, 619 N.W.2d 222 (2000) (double jeopardy principles do not apply to Nebraska's driving under influence enhancement proceedings).

We conclude that the rationale of *Monge* and *Nelson* applies to sexually violent offender determinations under § 29-4005. The determination of whether a defendant is a sexually violent offender is based upon the defendant's prior conviction of an offense or offenses listed in § 29-4003 and expert evidence of a mental abnormality or personality disorder that makes the defendant likely to engage in sexually violent offenses. Such determinations are not trials regarding an element of an offense. *Monge, supra*; *Nelson, supra*. We hold that double jeopardy principles do not apply to sexually violent offender determinations under § 29-4005. We therefore remand this matter for resentencing.

Because the district court's failure to follow the statutory procedure mandated by § 29-4005 requires a reversal of the determination that Rodriguez is a sexually violent offender, it is not

necessary that we address Rodriguez' assignment of error pertaining to the denial of due process in connection with this determination. See *State v. Burdette*, 259 Neb. 679, 611 N.W.2d 615 (2000) (appellate court is not obligated to engage in analysis not needed to adjudicate case and controversy before it).

## 2. EXCESSIVE SENTENCE

We next address whether Rodriguez' sentence is excessive. Attempted first degree sexual assault on a child, a Class III felony, is punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both and a mandatory minimum of 1 year's imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2002). Rodriguez was sentenced to imprisonment for a period of 3 to 6 years, with 273 days' credit for time served.

In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Timmens*, 263 Neb. 622, 641 N.W.2d 383 (2002); *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001). Where a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying these factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Roeder, supra.* An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

Rodriguez' sentence was within the statutory limits. Having reviewed the record, including the presentence investigation report, we conclude that the trial court did not abuse its discretion in the sentence imposed.

## VI. CONCLUSION

We conclude that the district court erred in making the determination that Rodriguez was a sexually violent offender without the receipt of any expert evidence to support the same, and we remand the matter for resentencing in this regard. We further

conclude that there was no abuse of discretion in the sentence of imprisonment imposed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR RESENTENCING.