State of Nebraska, appellee, v.
Heidi Donner, appellant.
690 N.W.2d 181

Filed November 16, 2004.   No. A-04-040.

David L. Herzog, of Herzog & Herzog, P.C., for appellant.

Jon Bruning, Attorney General, Susan J. Gustafson, and Dan Money, Senior Certified Law Student, for appellee.

Irwin, Chief Judge, and Sievers and Carlson, Judges.

Irwin, Chief Judge.

## I. INTRODUCTION

Heidi Donner has filed this appeal challenging the district court's order revoking her operator's license for a period of 15 years while imposing a sentence of probation on Donner's plea-based conviction for operating a motor vehicle without an ignition interlock device, a Class IV felony offense. On appeal, Donner

argues that the 15-year operator's license revocation is contrary to the statutes governing terms of probation and, therefore, was incorrect. Because we find that the district court was required to impose the 15-year operator's license revocation, we find no merit to Donner's assertions and affirm.

## II. BACKGROUND

On May 24, 1990, Donner's operator's license was revoked for a period of 15 years as part of Donner's sentence on a third-offense driving under the influence conviction. On March 18, 1999, Donner was granted a reprieve by the Nebraska Board of Pardons and her operator's license was reinstated, on the condition that she would operate only motor vehicles equipped with an approved ignition interlock device. See Neb. Rev. Stat. § 83-1,127.02 (Cum. Supp. 2002).

On September 18, 2003, a second amended information was filed alleging that on or about October 9, 2002, Donner had operated a motor vehicle not equipped with an ignition interlock device. On September 23, 2003, Donner entered a guilty plea to the charge.

On January 7, 2004, the district court entered an order sentencing Donner to intensive supervised probation for a period of 60 months. In addition, the court ordered that Donner's operator's license be revoked for a period of 15 years. This appeal followed.

## III. ASSIGNMENT OF ERROR

Donner's assignments of error on appeal can all be consolidated and rephrased to allege that the district court erred in revoking her operator's license for 15 years.

## IV. ANALYSIS

Donner argues on appeal that because Neb. Rev. Stat. § 29-2263 (Supp. 2003) provides that terms of probation cannot exceed 5 years, the district court erred in revoking her operator's license for 15 years while sentencing her to probation. She essentially argues that there is a conflict between § 83-1,127.02, which provides for a 15-year operator's license revocation, and § 29-2263, which governs the maximum length for terms of probation. We disagree with Donner's interpretation of these statutes.

Section 83-1,127.02 provides, in pertinent part, as follows:

(3) Any person restricted to operating a motor vehicle equipped with such an ignition interlock device who operates upon the highways of this state a motor vehicle without such an ignition interlock device . . . is guilty of a Class IV felony. The court shall, as a part of the judgment of conviction, order such person not to drive any motor vehicle for any purpose for a period of fifteen years from the date ordered by the court. The court shall also order that the operator's license of such person be revoked for a like period.

■ We find that this provision mandates that the sentencing court must impose a 15-year operator's license revocation because the Legislature chose to use the term "shall" and, therefore, allowed for no discretion by the sentencing court in imposing the revocation. This determination is consistent with the rules for statutory interpretation pronounced by the appellate courts of this state in the past.

■ In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Rodriguez*, 11 Neb. App. 819, 660 N.W.2d 901 (2003). A fundamental principle of statutory construction requires that penal statutes be strictly construed. *Id.*

■ These principles require us to consider the import of the term "shall" in § 83-1,127.02 and to determine whether the term is mandatory or directory. Although there is no universal test by which directory provisions of a statute may be distinguished from mandatory provisions, as a general rule, the word "shall" is considered mandatory and inconsistent with the idea of discretion. *Randall v. Department of Motor Vehicles*, 10 Neb. App. 469, 632 N.W.2d 799 (2001). See, also, *State v. Rodriguez, supra*. However, while the word "shall" may render a particular statutory provision mandatory in character, when the spirit and purpose of the legislation require that the word "shall" be construed as permissive rather than mandatory, such will be done. *Randall v. Department of Motor Vehicles, supra*.

In the present case, the Legislature specifically directed that the district court "shall" impose a 15-year operator's license revocation. The use of the term "shall" in this statute indicates the Legislature's desire that the action be mandatory and that the

district court not be afforded any discretion in imposing such revocation. There is nothing to suggest that the spirit and purpose of this legislation would favor a permissive, rather than mandatory, use of the term "shall." As such, we initially note that with respect to § 83-1,127.02, the district court was required to impose the 15-year operator's license revocation and was without discretion to do otherwise.

As noted, § 83-1,127.02 indicates that Donner's crime in this case is a Class IV felony offense. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2002) provides that the statutory range of penalties for a Class IV felony is 0 to 5 years' imprisonment, a $10,000 fine, or both. Because there is no mandatory minimum term of imprisonment, § 28-105 specifically affords the district court discretion to order probation instead of imprisonment. As such, we note that the district court was within its discretion to sentence Donner to probation for this offense, rather than requiring imprisonment.

Donner correctly notes that § 29-2263 specifically indicates that the term of a sentence of probation "shall be not more than five years upon conviction of a felony." Again, following the same reasoning as above, the use of the term "shall" in this statute indicates that the district court is without discretion to order a term of probation exceeding 5 years.

It is at this point that we disagree with Donner's interpretation of the statutes. Donner argues that § 83-1,127.02 and § 29-2263 are in conflict and that the district court was obligated to follow the requirements of § 29-2263 and could not impose the 15-year operator's license revocation. A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *Mogensen v. Board of Supervisors*, 268 Neb. 26, 679 N.W.2d 413 (2004); *State v. Utter*, 263 Neb. 632, 641 N.W.2d 624 (2002). We conclude that construing the above statutes together means that the district court's order in the present case was proper.

Construing the above statutes together leads us to conclude that the Legislature has specifically given the district court discretion to impose a term of probation rather than a mandatory minimum prison sentence for Donner's current offense and that the Legislature has also specifically mandated that regardless of what sentence is imposed, the district court was required to also impose a

15-year operator's license revocation. The only consistent and sensible reading of the above statutes is to interpret the 15-year operator's license revocation as being in addition to whatever sentence the district court imposes pursuant to § 28-105, and not as a specific condition of probation when the district court chooses to impose a term of probation. As such, the court is afforded discretion to impose a term of probation, the specific conditions of which cannot exceed 5 years, and the court is required to, in addition, impose a 15-year operator's license revocation.

In construing a statute, courts are guided by the presumption that the Legislature intended a sensible, rather than an absurd, result in enacting the statute. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002). If we were to accept Donner's assertion that the statutes cannot be read together and that they necessarily conflict with one another, we would be left with the absurd result that the Legislature has mandated a specific condition of the sentence which cannot be a condition of probation, but has also afforded the court discretion to impose probation. In such an event, we would be obligated to conclude that the specific requirement of § 83-1,127.02 that Donner's operator's license be revoked for 15 years would prevail over the general requirement of § 29-2263 that no conditions of her probation could exceed 5 years. See *In re Interest of Valentin V.*, 12 Neb. App. 390, 674 N.W.2d 793 (2004) (to extent two statutes conflict, specific statute prevails over general statute). In that event, we would be forced to conclude that the district court's error was in sentencing Donner to probation, not in revoking her operator's license for 15 years.

Finally, we further note that the Legislature has demonstrated that when it so desires, it can clearly indicate a distinction between the mandatory operator's license revocation period imposed when the court sentences a convicted defendant to prison and when the court sentences a convicted defendant to probation. In Neb. Rev. Stat. § 60-6,196(2)(d) (Supp. 2003), for example, the Legislature mandated that when the court sentences a defendant convicted of third-offense driving under the influence, also a Class IV felony, the court shall impose a 15-year operator's license revocation. The Legislature further mandated, however, that if the court, in its discretion, sentences the defendant to a term of probation, the

operator's license revocation shall be one of the conditions of probation and shall be for a period of 1 year. Thus, we interpret the Legislature's failure to make a similar provision in § 83-1,127.02 to indicate that the Legislature did not intend the operator's license revocation under that statute to be a condition of probation or for the revocation to be subject to a shortened time period when probation is imposed.

As such, we conclude that the applicable principles of statutory construction all suggest that the 15-year operator's license revocation in the present case was not only appropriate, but mandated by the language of § 83-1,127.02. The Legislature chose to use the mandatory term "shall" in requiring the court to impose such a revocation, and a reading of all the applicable statutes together suggests that in this setting, the operator's license revocation is to be a punishment in addition to the sentence imposed by the court exercising its discretion under § 28-105. Donner's assertions of error to the contrary are without merit.

### V. CONCLUSION

We find no error by the district court in revoking Donner's operator's license for 15 years while placing her on probation for 60 months. The sentence of the district court is affirmed.

AFFIRMED.