GORDON TUSH, APPELLEE AND CROSS-APPELLANT, V.
NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
APPELLANT AND CROSS-APPELLEE.

688 N.W.2d 883

Filed November 16, 2004.  No. A-03-159.

Jon Bruning, Attorney General, and Douglas D. Dexter for appellant.

Joy Shiffermiller, of Polsky, Shiffermiller & Coe, for appellee.

IRWIN, MOORE, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

The Nebraska Department of Health and Human Services (DHHS) appeals from an order of the Lancaster County District Court, which order vacated the State Personnel Board's decision finding that DHHS had not violated statutory law in eliminating Gordon Tush's position as the director of DHHS' Division of Alcoholism, Drug Abuse, and Addiction Services. On appeal, DHHS' only assignment of error is that the district court erred in finding that DHHS' employment decision was not in reasonable compliance with state law. Because we agree with the district court's interpretation of the applicable statute, we affirm.

## II. BACKGROUND

On January 15, 2002, Tush received a letter from DHHS which provided:

> This letter serves as notification that your position as [DHHS] Alcohol and Drug Abuse Program Director . . . is being eliminated due to budget reductions. Therefore, you are being laid off effective February 6, 2002.

The letter then delineated and explained various options available to Tush, including seeking a transfer to a vacant position, seeking to "bump" into an occupied position, or choosing to accept a lay-off. Tush testified that he had been in the position of director of the Division of Alcoholism, Drug Abuse, and Addiction Services for approximately 4 years and that he had previously been the assistant director of the same division for approximately 24 years.

On January 22, 2002, Tush filed a grievance. Tush alleged that his position had been improperly converted from a classified position to a discretionary position and that the elimination of his position and the creation of the discretionary position was a mis-application of state statutes. Tush further disputed the alleged reason, budgetary constraints, given for eliminating his position.

On January 31, 2002, Tush met with a representative of the director of DHHS to discuss his grievance. The representative authored a brief report, in which she recommended denying Tush's grievance. On February 13, DHHS denied the grievance.

On February 18, 2002, Tush appealed the denial of his griev-ance to the State Personnel Board. On March 11, a hearing offi-cer was designated, and on April 30, a hearing was conducted. The testimony at the hearing indicated that the director of DHHS eliminated Tush's position and another classified position within the mental health division and combined the two positions into one new discretionary position. Both Tush and the program direc-tor from the other eliminated position interviewed and were con-sidered for the new position, but the position ultimately went to the other candidate.

The hearing officer recommended dismissing Tush's appeal and upholding the denial of his grievance. The hearing officer rec-ommended finding that the applicable statutes did not prohibit combining the two positions as long as the duties required by the statute were all being fulfilled. The hearing officer also recom-mended finding that there was not an improper conversion of Tush's position from a classified position to a discretionary posi-tion, but, rather, that Tush's position had been eliminated and that

an entirely new position, which was discretionary, had been created. Finally, the hearing officer recommended finding that the reason for the employment decision was budgetary. On August 29, 2002, the State Personnel Board voted unanimously to adopt the recommendations of the hearing officer. Tush appealed to the district court.

On February 3, 2003, the district court entered a judgment on Tush's appeal. The court specifically found that although this was an administrative appeal, because the issue concerned an employment decision, the court was not required to give deference to the findings of the State Personnel Board. The court found that there were budget reductions in DHHS and that DHHS' response in this case was a reasonable response to the budget reductions. However, the court found that Nebraska statutes mandated the existence of both the Division of Alcoholism, Drug Abuse, and Addiction Services and the director of such division; that DHHS' employment decision in this case resulted in both the division and the position of its director no longer existing; and that DHHS did not have the authority to eliminate a statutorily required division and employment position. As such, the district court vacated the State Personnel Board's decision and ordered that Tush be reinstated with backpay and benefits. This appeal by DHHS followed.

### III. ASSIGNMENTS OF ERROR

DHHS' only assignment of error on appeal is that the district court erred in finding DHHS' employment decision was not in reasonable compliance with state law.

We note that Tush has filed a cross-appeal challenging the district court's finding that DHHS' employment decision was a reasonable response to budgetary restrictions. In light of our discussion herein concerning DHHS' appeal, we need not address Tush's cross-appeal.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

The first issue that must be addressed in this appeal is determining the appropriate standard of review. DHHS urges us to review this case under the following standard:

"Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall

conduct the review without a jury de novo on the record of the agency." *City of Omaha v. Kum & Go, L.L.C.*, 263 Neb. 724, 729, 642 N.W.2d 154, 159 (2002). Courts must give substantial deference to the agency's judgment about how best to serve the public interest. *In Re Application [No. C-1889,* ]264 Neb. 167, 178, 647 N.W.2d 45, 54 (2002).

Brief for appellant at 8. Tush, on the other hand, urges us to review this case under the following standard:

"The District Court is not required to give deference to the findings of fact by the agency hearing officer and to the decision of the director of Department." *Trackwell v. Nebraska Dept. of Admin. Servs.*, 8 Neb.App. 233, 240[, 591 N.W.2d 95, 99] (1999), quoting *Slack Nsg. Home v. Dept. of Soc. Servs.* 247 Neb. 452, 528 N.W.2d 285 (1995). . . . There is no presumption of validity of the agency's decision that applies to employment cases. The court makes independent decisions regarding questions of law. *Ameritas Life Ins. Corp. v. Balka*, 257 Neb 878, 888, 601 N.W.2d 508, 515 (1999).

Brief for appellee at 12. The district court chose to accept Tush's suggestion that no presumption of validity applies to this case because it is an employment case.

■ We conclude, however, that the relevant standard of review is noted at the very end of Tush's suggestion quoted above. That is, the question presented by this appeal is one of the interpretation and meaning of a statute and is thus more properly considered a question of law. The basis of the district court's decision, and the underlying issue raised by DHHS' assignment of error, is the meaning of a particular Nebraska statute, Neb. Rev. Stat. § 83-160 (Reissue 1999). To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004); *DLH, Inc. v. Nebraska Liquor Control Comm.*, 266 Neb. 361, 665 N.W.2d 629 (2003); *American Legion v. Nebraska Liquor Control Comm.*, 265 Neb. 112, 655 N.W.2d 38 (2003); *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). See *Utelcom, Inc. v. Egr*, 264 Neb. 1004, 653 N.W.2d 846 (2002). As such, we reach

our decision on the meaning of § 83-160 independent of the district court's finding.

## 2. DISCUSSION

Upon our independent consideration of § 83-160, we agree with the district court's interpretation of the statute and conclude that the plain language of the statute mandates the existence of the division and the position of its director, both of which DHHS' employment decision eliminated. Section 83-160 provides:

> There is hereby created the Division of Alcoholism, Drug Abuse, and Addiction Services which *shall be a division* of the Department of Health and Human Services. The division *shall consist of a director* appointed by the Director of Health and Human Services and such additional employees as may be necessary to carry out the Alcoholism, Drug Abuse, and Addiction Services Act and [Neb. Rev. Stat. §§] 71-5016 to 71-5041 [(Reissue 2003)].

(Emphasis supplied.)

By its plain language, § 83-160 requires that the division shall exist as a division of DHHS and that the division shall have a director. In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Rodriguez*, 11 Neb. App. 819, 660 N.W.2d 901 (2003). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Spradlin v. Dairyland Ins. Co.*, 263 Neb. 688, 641 N.W.2d 634 (2002). As a general rule, in the construction of statutes, the word "shall" is considered mandatory and is inconsistent with the idea of discretion. *Id.*; *State on behalf of Minter v. Jensen*, 259 Neb. 275, 609 N.W.2d 362 (2000); *Randall v. Department of Motor Vehicles*, 10 Neb. App. 469, 632 N.W.2d 799 (2001). See, *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002); *State v. Rodriguez, supra*. Thus, the plain and ordinary meaning of § 83-160 is that both the division and the position of its director must exist.

Although administrative bodies are empowered to adopt and promulgate rules and regulations to carry out Nebraska

administrative statutes, administrative bodies may not adopt rules and regulations that are in conflict with the statutes. See *City of Omaha v. Kum & Go, supra.* An administrative agency may not employ its rulemaking power to modify, alter, or enlarge provisions of a statute which it is charged with administering. *Id.*

DHHS argues that the employment decision to eliminate the Division of Alcoholism, Drug Abuse, and Addiction Services and to eliminate the position of director of that division does not violate § 83-160, because a new position was created which fulfills the duties of the former position of director. To accept DHHS' interpretation would mean to read the plain language of § 83-160 to require only that "somebody" within DHHS carry out the obligations of both the division and the position of its director. The plain language of § 83-160, however, mandates that such be done by the existence of the division and the position of director of that division. As such, we cannot agree with DHHS' proposed interpretation which is contrary to the plain and ordinary meaning of § 83-160.

Additionally, we note that accepting DHHS' argument that it is permissible to eliminate the statutorily required employment position and create a new position, within which is merged the obligations of this position and another position, would have the effect of allowing DHHS to improperly convert a classified position to a discretionary position. The Nebraska Classified System Personnel Rules & Regulations specifically provide: "A classified position staffed by a classified employee cannot be designated for conversion to discretionary non-classified status without the voluntary and written agreement of the assigned employee." 273 Neb. Admin. Code, ch. 1, § 005.01D (1998). As noted, DHHS "eliminated" Tush's classified position and created an entirely new discretionary position.

As noted above, DHHS argues that the position was not improperly "eliminated," because the obligations of the position have simply been transferred to a newly created position. However, DHHS also argues that there was not an improper conversion of Tush's classified position to discretionary status, because the original position was entirely eliminated. To accept DHHS' interpretation of § 83-160 would allow the agency to eliminate a statutorily required position and, in effect, to convert a previously classified

position into a discretionary position. To this end, we agree with the district court's suggestion that DHHS should not be allowed to argue that on the one hand, it has not eliminated the statutorily required position because it has merely transferred the duties of that position to a newly created position, and that on the other hand, it has not improperly converted a classified position into a discretionary position because it actually eliminated the classified position altogether. As the district court noted, these arguments of DHHS are mutually exclusive; either the position was eliminated altogether or there was a conversion of the position from classified status to discretionary status.

The plain language of § 83-160 mandates that both the division and the position of division director exist. DHHS' employment decision in this case resulted in the elimination of the division and the elimination of the position of division director. As such, DHHS' employment decision was not in reasonable compliance with § 83-160. Upon our independent consideration of the statute's meaning, we affirm the district court's decision to vacate the State Personnel Board's decision.

## V. CONCLUSION

DHHS' employment decision in this case was contrary to the plain language of § 83-160. The district court's decision is affirmed.

AFFIRMED.