Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/15/2017 09:11 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
SCOTT McCOLERY, APPELLANT.
___ N.W.2d ___

Filed June 23, 2017.    No. S-16-1017.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.
5. **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Appeal dismissed.

Brett McArthur for appellant.

Joe Kelly, Lancaster County Attorney, and Jason M. Cooper for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

Kelch, J.

## NATURE OF CASE

Scott McColery posted a $5,000 appearance bond for a crime of which he was later convicted. After posting the bond, McColery assigned the bond funds to his attorney. The State then filed an affidavit of lien for overdue child support. After McColery was convicted, he filed a motion to release the funds to his attorney. That motion was overruled, and McColery appeals.

## FACTS

In September 2015, McColery was charged with strangulation of his girlfriend and was appointed a public defender, though he later obtained a private attorney. Bond was set at $50,000.

On October 5, 2015, McColery posted a $5,000 appearance bond. On October 30, McColery filed an "Assignment of Bond" to his "attorney, Brett McArthur, for his services in the above entitled matter."

On November 18, 2015, the State filed an affidavit of lien for child support indicating that the bond funds held by the court were subject to garnishment for McColery's overdue child support. Attached to the affidavit, a payment history report reflected that as of November 2015, McColery owed over $18,000 in overdue child support.

In June 2016, McColery filed a motion to release the bond funds to his attorney. After a hearing, the motion was overruled in an order dated October 20, 2016. From that order, McColery appeals.

## ASSIGNMENT OF ERROR

McColery's sole assignment of error is that the district court erred as a matter of law in overruling his motion to release the bond funds to his attorney.

## STANDARD OF REVIEW

[1,2] A jurisdictional issue that does not involve a factual dispute presents a question of law.[1] An appellate court independently reviews questions of law decided by a lower court.[2]

## ANALYSIS

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[3]

[4] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.[4] Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[5]

[5] The State argues that the order overruling McColery's motion to release the bond funds does not affect a substantial right because it does not affect any party's rights to the bond funds. We agree. An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[6]

---

[1] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[2] *Id.*

[3] *Sutton v. Killham*, 285 Neb. 1, 825 N.W.2d 188 (2013); *Carlos H. v. Lindsay M.*, 283 Neb. 1004, 815 N.W.2d 168 (2012).

[4] *Big John's Billiards v. State, supra* note 1.

[5] *Pearce v. Mutual of Omaha Ins. Co.*, 293 Neb. 277, 876 N.W.2d 899 (2016).

[6] *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

Here, the subject matter of the litigation was not affected, because the district court's order did not determine the rights of the parties with respect to the bond funds. Although the order indicated that the funds would not be released to McColery's attorney at that time, it did not indicate that the attorney was not entitled to the funds. Nor did it indicate that the State was entitled to the funds. Because the order merely holds the funds in the court, it does not diminish McColery's or his attorney's claim to the funds or eliminate any objection he or his attorney might have to the State's garnishment of the funds for child support.

We conclude that McColery's appeal is premature. The State has not yet initiated garnishment proceedings. When it does, McColery's attorney will be able to intervene pursuant to Neb. Rev. Stat. § 25-1030.03 (Reissue 2016), which allows for a third party claiming ownership to intervene in the garnishment proceedings.

Because we find that the order does not affect a substantial right, it is not a final, appealable order. We therefore dismiss.

## CONCLUSION

There is no final order in this case. The appeal is dismissed as premature.

APPEAL DISMISSED.