Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

State of Nebraska, appellee, v.
Bryant L. Irish, appellant.
___ N.W.2d ___

Filed October 13, 2017.    No. S-16-1200.

1. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
2. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
3. **Statutes.** Statutory interpretation presents a question of law.
4. **Statutes: Words and Phrases.** As a general rule, the word "shall" in a statute is considered mandatory and is inconsistent with the idea of discretion.
5. **Criminal Law: Convictions: Probation and Parole: Motor Vehicles: Licenses and Permits: Revocation.** When a motor vehicle operator's license revocation must be part of a court's judgment of conviction in a criminal case, as distinguished from an authorized term of probation, it is a distinct part of the offender's punishment for the crime.
6. **Constitutional Law: Sentences: Probation and Parole: Drunk Driving: Motor Vehicles: Licenses and Permits: Revocation.** Because the license revocation requirement under Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2016) is not a term of probation and the statute does not authorize a court to impose it as such, the Nebraska Constitution prohibits a court from later commuting the original sentence.
7. **Jurisdiction: Time: Appeal and Error.** To vest an appellate court with jurisdiction, Neb. Rev. Stat. § 25-1912 (Reissue 2016) requires a criminal defendant to perfect an appeal within 30 days of the judgment.
8. **Criminal Law: Judgments: Sentences.** In a criminal case, the judgment is the sentence.

Appeal from the District Court for Madison County: Mark A. Johnson, Judge. Appeal dismissed.

Alan G. Stoler and Jerry M. Hug, of Alan G. Stoler, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Funke, J.

## INTRODUCTION

This is Bryant L. Irish's appeal from the district court's order that denied his request to modify his probation order. We conclude that the court lacked jurisdiction to consider his untimely challenge to its sentencing order through a motion to amend or terminate a term of probation. We therefore dismiss his appeal.

## BACKGROUND

In March 2015, Irish was convicted under Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2016) of proximately causing serious bodily injury to another while driving under the influence of alcohol, a Class IIIA felony.[1] Section 60-6,198(1) provides that upon conviction of this crime,

> the court shall, as part of the judgment of conviction, order the person not to drive any motor vehicle for any purpose for a period of at least sixty days and not more than fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for the same period.

At the sentencing hearing, the court placed Irish on probation for a period of 60 months and ordered him to serve the first 180 days in jail. It also revoked his driver's license for a period of 10 years. The court then stated from the bench, "After a 45-day period of no driving, you may apply for an ignition interlock permit and install an ignition interlock

---

[1] See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014).

device on any motor vehicle that you operate." But the court's written sentencing order was silent on Irish's eligibility to drive with an ignition interlock device.

Irish appealed, arguing only that the evidence was insufficient to show that he had proximately caused his passenger's serious injuries. We rejected that argument in January 2016.[2]

In August 2016, Irish moved for a nunc pro tunc order. He asked the court to correct what he characterized as the void sentencing order that it had issued in March 2015. He asserted that the court had directed his eligibility for an ignition interlock permit during his license revocation hearing but that the Nebraska Department of Motor Vehicles (DMV) had denied his application because no statute authorized an ignition interlock permit for someone convicted of Irish's crime. Irish argued that the judgment was therefore void and requested that the court revise the revocation period in its order to carry out the court's intent. After a hearing, which is not part of the record, the court overruled the motion.

Irish then filed a motion to modify or clarify the probation order. At the November 2016 hearing, Irish again asked the court to revise its original probation order to carry out its sentencing intent because the DMV would not grant him an ignition interlock permit. He argued that a probation order can always be modified. The court responded that § 60-6,198 required the court to order a person not to drive for a period of at least 60 days and not more than 15 years and to order a license revocation for the same period. As a result, it concluded that it lacked authority to issue a probation order that was contrary to that statutory requirement and overruled the motion.

## ASSIGNMENT OF ERROR

Irish assigns that the district court erred in determining that it lacked authority to modify the terms of his probation.

---

[2] See *State v. Irish*, 292 Neb. 513, 873 N.W.2d 161 (2016).

## STANDARD OF REVIEW

[1-3] We independently review questions of law decided by a lower court.[3] A jurisdictional issue that does not involve a factual dispute presents a question of law.[4] Statutory interpretation presents a question of law.[5]

## ANALYSIS

Irish relies upon Neb. Rev. Stat. § 29-2263(3) (Reissue 2016) for his contention that the district court had legal authority to grant his motion to modify his order of probation. Section 29-2263(3) sets forth that a court—on application of a probation officer or of the probationer, or its own motion—may modify or eliminate any of the conditions imposed on the probationer or add further conditions authorized by Neb. Rev. Stat. § 29-2262 (Reissue 2016). However, the district court effectively concluded that it lacked jurisdiction to consider Irish's request to reduce the license revocation period in its sentencing order.

If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.[6] But we have the power to determine whether we have jurisdiction over an appeal and to correct jurisdictional errors, even if we lacked jurisdiction to consider the merits of the order or judgment appealed.[7]

Irish concedes that there is no statutory provision under § 60-6,198 for allowing an ignition interlock device as part of the driver's license revocation in cases involving serious bodily injury. He further concedes that, as a result, the district court was wrong in believing it could authorize the use of an

---

[3] *State v. McColery*, 297 Neb. 53, 898 N.W.2d 349 (2017).

[4] *Id.*

[5] See *State v. Robbins*, 297 Neb. 503, 900 N.W.2d 745 (2017).

[6] See *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015).

[7] See *id.*

ignition interlock device after 45 days of no driving. However, he argues that § 29-2263(3) authorizes the sentencing court to modify or eliminate any of the conditions imposed upon the probationer and that as a result, the court could have reduced the revocation period. We disagree.

The relevant portion of § 60-6,198(1) provides that upon conviction of this crime,

> the court *shall*, as part of the judgment of conviction, order the person not to drive any motor vehicle for any purpose for a period of at least sixty days and not more than fifteen years . . . and shall order that the operator's license of such person be revoked for the same period.

(Emphasis supplied.)

[4] As a general rule, the word "shall" in a statute is considered mandatory and is inconsistent with the idea of discretion.[8] The term "shall" as it appears in § 60-6,198 describes a specific punishment which must be included in the judgment of conviction. Regardless of whether the criminal offender under § 60-6,198 is sentenced to imprisonment or is given a sentence of probation, the trial court is required to order the offender not to drive during a specified period and to revoke the offender's license for a like period.

In *State v. Hense*,[9] under a comparable statutory mandate, we held that when a person is convicted of felony operation of a motor vehicle during a license revocation period,[10] it is mandatory the court revoke the operator's license of the offender for 15 years, and that the court does not have discretion as to whether or not it imposes such revocation. We further held that the trial court must impose the mandatory 15-year license revocation as a part of its sentence, including a sentence of probation.[11]

---

[8] See *Huntington v. Pedersen*, 294 Neb. 294, 883 N.W.2d 48 (2016).

[9] *State v. Hense*, 276 Neb. 313, 753 N.W.2d 832 (2008).

[10] See Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2006).

[11] *Hense, supra* note 9.

Similarly, the Nebraska Court of Appeals has held that the 15-year license revocation period for driving in violation of an ignition interlock restriction[12] does not conflict with the 5-year limit on a sentence of probation for a felony conviction.[13] It reasoned that a trial court has no discretion not to impose the 15-year license revocation period, which is statutorily required, in addition to any other sentence the court imposes for the crime. It also reasoned that the revocation was not a term of probation, but was a term of punishment.[14]

The Court of Appeals further noted that the Legislature has demonstrated that it can distinguish between a mandatory license revocation period and a revocation that is a condition of probation.[15] That legislative distinction is currently illustrated in Neb. Rev. Stat. § 60-6,197.03 (Reissue 2016), the sentencing statute for a violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010) (driving under the influence) or Neb. Rev. Stat. § 60-6,197 (Cum. Supp. 2016) (refusal to submit to chemical test).

As an example, for a person convicted of violating § 60-6,196 or § 60-6,197 and who has no prior convictions, § 60-6,197.03(1) provides that a court shall order a 6-month license revocation as part of its judgment and require the offender to apply for an ignition interlock permit for the revocation period. However, if the court places such offender on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order that the operator's license of such person be revoked for a period of 60 days from the date ordered by the court and order that during the period of revocation the person apply for an ignition interlock permit pursuant to Neb. Rev. Stat. § 60-6,211.05 (Cum. Supp. 2016).

---

[12] See Neb. Rev. Stat. § 83-1,127.02(4) (Reissue 2014).

[13] See *State v. Donner*, 13 Neb. App. 85, 690 N.W.2d 181 (2004).

[14] *Id.*

[15] *Id.*

Similarly, under § 60-6,197.03(6), if an offender has two prior convictions, a court shall order a 15-year license revocation period as part of its judgment and issue an order under Neb. Rev. Stat. § 60-6,197.01 (Cum. Supp. 2016). Section 60-6,197.01(1)(b) gives a court discretion to allow an offender to apply for an ignition interlock permit after a 45-day period of no driving. Again, however, if the court orders probation or suspends the offender's sentence, § 60-6,197.03(6) requires the 15-year license revocation period to be a condition of the probation or suspended sentence and authorizes the court to permit the offender to apply for an ignition interlock permit after a 45-day period of no driving.

The language of § 60-6,198 requires the court to order a license revocation. The statute further makes no reference to a sentence of imprisonment or a sentence of probation. As a result, it is clear that the Legislature intended that the license revocation period be a mandatory part of the judgment of conviction and not a condition of probation.

Additionally, in *State v. Bainbridge*,[16] we held that Neb. Rev. Stat. § 39-669.19 (Cum. Supp. 1992), since transferred to Neb. Rev. Stat. § 60-6,209 (Cum. Supp. 2016), which allowed a person to seek a reduction of a 15-year license revocation period, violated the separation of powers clause of the Nebraska Constitution. We concluded that the 15-year revocation under Nebraska's driving under the influence statute was part of the overall punishment of the defendant as opposed to a remedial condition.[17] We further reasoned, in significant part, that the driving under the influence statutes required the revocation period to be a part of the court's judgment of conviction.[18] Relying on our previous decision in *State v. Philipps*,[19] we held that the precursor to § 60-6,209 invaded the Board of

---

[16] *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996).

[17] *Id.*

[18] *Id.*

[19] *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994).

Pardons' power to commute sentences, a power that belonged to the executive branch under Neb. Const. art. IV, § 13, and therefore violated the separation of powers clause.[20]

In 1998, 2 years after we decided *Bainbridge*, the Legislature amended § 60-6,209 to require offenders to apply to the DMV for a recommendation that the Board of Pardons issue a reprieve from a 15-year license revocation.[21] But the Legislature did not authorize such an application for an offender whose license was revoked under § 60-6,198.

In 2011, the Legislature amended Neb. Rev. Stat. § 60-4,118.06 (Supp. 2011). Under specific circumstances, § 60-4,118.06 authorizes the director of the DMV to issue an ignition interlock permit allowing the operation of a motor vehicle equipped with an ignition interlock device. The amendment added subsection (3)(a), which precludes the DMV from issuing an ignition interlock permit to any person except in cases of a violation of one of the specified statutes, which do not include § 60-6,198.[22]

[5,6] Our case law clearly establishes that when a motor vehicle operator's license revocation must be part of a court's judgment of conviction in a criminal case, as distinguished from an authorized term of probation, it is a distinct part of the offender's punishment for the crime. Thus, a district court cannot later reduce the revocation period pursuant to an offender's application to amend the terms of his or her probation. Because the license revocation requirement under § 60-6,198 is not a term of probation and the statute does not authorize a court to impose it as such, the Nebraska Constitution prohibits a court from later commuting the original sentence.

[7,8] We recognize that the court's statement from the bench was inconsistent with its written order of probation. But to vest an appellate court with jurisdiction, Neb. Rev.

---

[20] See Neb. Const. art. II, § 1.

[21] See 1998 Neb. Laws, L.B. 309, § 18.

[22] See 2011 Neb. Laws, L.B. 667, § 29.

Stat. § 25-1912 (Reissue 2016) requires a criminal defendant to perfect an appeal within 30 days of the judgment.[23] In a criminal case, the judgment is the sentence.[24] Irish did not appeal. We therefore agree with the district court that it lacked jurisdiction over Irish's request that it reduce his license revocation period.

## CONCLUSION

We conclude that the district court lacked jurisdiction to consider Irish's untimely challenge to its sentencing order through a motion to modify or clarify the probation order. Accordingly, we dismiss Irish's appeal.

APPEAL DISMISSED.

---

[23] See, e.g., *State v. Meints*, 291 Neb. 869, 869 N.W.2d 343 (2015); *State v. Ruffin*, 280 Neb. 611, 789 N.W.2d 19 (2010).

[24] *Dugan v. State*, 297 Neb. 444, 900 N.W.2d 528 (2017).