Michael J. Wilczewski and Michelle A. Wilczewski,
appellees, v. Charter West National Bank,
a national banking association, appellant.

___ N.W.2d ___

Filed April 17, 2015.    No. S-14-693.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual
   dispute presents a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate
   court resolves the questions independently of the lower court's conclusions.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for
   review, an appellate court must determine whether it has jurisdiction.
4. **Jurisdiction: Final Orders: Appeal and Error.** An appellate court lacks juris-
   diction to entertain appeals from nonfinal orders.

Appeal from the District Court for Douglas County: W.
Russell Bowie III, Judge. Appeal dismissed.

Jeffrey A. Silver for appellant.

John D. Stalnaker, Robert J. Becker, and Ashley A. Dreyer,
of Stalnaker, Becker & Buresh, P.C., for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Stephan, J.

Michael J. Wilczewski and Michelle A. Wilczewski filed
a civil action for damages in the district court for Douglas
County, alleging that Charter West National Bank (Charter
West) misrepresented certain facts pertaining to a real estate
transaction. Charter West filed a motion to compel arbitration,
which the district court denied without prejudice. Charter West
appeals from that order. Because we conclude that no final,
appealable order has been entered by the district court, we dis-
miss the appeal.

## BACKGROUND

In their complaint, the Wilczewskis allege that they are
residents of Douglas County, Nebraska, and that Charter West
is a national banking association doing business in Douglas
County. The parties' dispute involves real property, located

in Douglas County, which the Wilczewskis purchased from Charter West in 2010. The Wilczewskis allege that Charter West represented that the property would be conveyed free and clear of all liens, but knew that another financial institution had a lien on the property. The Wilczewskis allege Charter West then "manipulated" the language of the deed to reflect that the conveyance was subject to liens of record. They sought damages based upon alternative theories of fraudulent misrepresentation, negligent misrepresentation, common-law fraud, and quantum meruit or unjust enrichment.

Charter West filed a motion to compel arbitration pursuant to the real estate purchase agreement, which provided: "Any controversy or claim between the parties to this Nebraska Purchase Agreement, its interpretation, enforcement or breach, including but not limited to claims arising from tort, shall be settled by binding arbitration . . . ." The Wilczewskis filed an objection asserting that the arbitration clause was void because (1) it failed to comply with Nebraska's enactment of the Uniform Arbitration Act (UAA)[1] and (2) the Federal Arbitration Act (FAA)[2] was inapplicable because the transaction in question did not involve interstate commerce.

The district court denied the motion to compel arbitration without prejudice. The court noted that Charter West contended the dispute was arbitrable under the FAA, which preempted the UAA. Apparently, from the face of the complaint, it further noted that Charter West was a national banking association doing business in Nebraska and that the transaction in question occurred in Nebraska. On the issue of whether the transaction affected interstate commerce so as to trigger the provisions of the FAA, the district court recognized precedent from this and other courts holding that a broad range of commercial transactions fall within the scope of the FAA. It then stated that

> [although] one could naturally assume that the transactions of Charter West (even intrastate), affect interstate

---

[1] Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2008 & Cum. Supp. 2014).

[2] 9 U.S.C. § 1 et seq. (2012).

commerce, *I have no evidence before me to that effect.* All I have are statements in the defendant's brief that, "The acceptance of the purchase agreement was done via the internet, the defendant is a National Bank, funds were wired through the banking system."

(Emphasis supplied.) The court specifically stated that it was not deciding whether the arbitration clause in the purchase agreement complied with the UAA or whether Charter West made a timely demand for arbitration. It denied the motion to compel arbitration "without prejudice."

Charter West perfected a timely appeal, and we granted its petition to bypass.

## ASSIGNMENTS OF ERROR

Charter West assigns that the district court erred in (1) failing to compel arbitration under the FAA and/or the UAA and (2) deciding the arbitration issue without conducting an evidentiary hearing.

## STANDARD OF REVIEW

[1,2] A jurisdictional issue that does not involve a factual dispute presents a question of law.[3] When reviewing questions of law, we resolve the questions independently of the lower court's conclusions.[4]

## ANALYSIS

[3,4] Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction.[5] That is so even where, as here, no party has raised the issue.[6]

---

[3] *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010); *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010), *disapproved on other grounds, Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012).

[4] See *id.*

[5] *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011); *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal.*, 281 Neb. 93, 798 N.W.2d 823 (2011).

[6] See, *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009); *Kilgore v. Nebraska Dept. of Health & Human Servs.*, 277 Neb. 456, 763 N.W.2d 77 (2009).

An appellate court lacks jurisdiction to entertain appeals from nonfinal orders.[7] In this case, we must decide whether the order denying Charter West's motion to compel arbitration without prejudice was a final, appealable order.

The UAA authorizes a party to a judicial proceeding to apply for an order compelling arbitration of the dispute,[8] and further provides that an appeal may be taken from an order denying such an application.[9] But Charter West did not invoke the UAA in its motion to compel arbitration, and the district court specifically stated that it was not deciding issues of arbitrability under the UAA. During oral argument, Charter West's counsel conceded that arbitration could not be compelled under the UAA and that Charter West was relying solely upon the FAA. Thus, the provision of the UAA permitting an appeal from an order denying an application to compel arbitration is inapplicable to this case.

We thus consider whether the order is appealable under Neb. Rev. Stat. § 25-1902 (Reissue 2008), which provides that an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[10] In *Webb v. American Employers Group*,[11] we held that an order denying a motion to compel arbitration under the FAA is a final, appealable order under the second of these categories, because it affects a substantial right and is made during a special proceeding. In reaching this conclusion, we reasoned that such an order affected the moving party's substantial right by preventing it from enjoying the contractual benefit

---

[7] *Smeal Fire Apparatus Co. v. Kreikemeier, supra* note 3; *Connelly v. City of Omaha, supra* note 6.

[8] § 25-2603.

[9] § 25-2620(a)(1).

[10] *Schropp Indus. v. Washington Cty. Atty.'s Ofc.*, 281 Neb. 152, 794 N.W.2d 685 (2011); *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

[11] *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004).

of arbitrating the dispute between the parties as an alternative to litigation.

Subsequently, in *Kremer v. Rural Community Ins. Co.*,[12] we employed the same reasoning in concluding that an order compelling arbitration under the FAA and staying judicial proceedings was a final, appealable order. We concluded that

> [j]ust as an order refusing to compel arbitration diminishes a party's claim that it is entitled to arbitrate, so does an order compelling arbitration diminish a party's claim that it is entitled to litigate in court. These claims cannot be effectively vindicated after the party has been compelled to do that which it claims it is not required to do.[13]

Where enforcement of an arbitration clause is sought pursuant to the FAA, the initial question is whether the contract in which the arbitration clause is contained "'evidenc[es] a transaction involving commerce'" as defined by the FAA.[14] Unlike the orders we considered in *Webb* and *Kremer*, the order we are asked to review in this case did not decide that crucial issue. The district court specifically noted that while it was possible that the transaction affected interstate commerce, it had no evidence upon which it could make that determination. We understand this as a statement by the district court that it could not resolve the arbitration issue solely on the basis of the pleadings and would not regard arguments of counsel as evidence.

The inconclusive nature of the order is reinforced by the fact that it dismissed the motion to compel arbitration "without prejudice." Generally, that phrase means "[w]ithout loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party . . . ."[15] Simply put, the order makes no determination, one way or another, as to whether the arbitration clause is enforceable under the FAA. Because the order

---

[12] *Kremer v. Rural Community Ins. Co., supra* note 3.

[13] *Id.* at 601-02, 788 N.W.2d at 549 (citations omitted).

[14] *Aramark Uniform & Career Apparel v. Hunan, Inc.*, 276 Neb. 700, 704, 757 N.W.2d 205, 209 (2008), quoting 9 U.S.C. § 2.

[15] Black's Law Dictionary 1837 (10th ed. 2014).

does not resolve that issue, it does not affect a substantial right of Charter West and therefore is not a final order under § 25-1902.

We note that it may have been more expedient for the district court to conduct an evidentiary hearing and defer any ruling on the motion to compel arbitration until the parties had an opportunity to present evidence on the issue of whether the real estate transaction involved interstate commerce. But the dismissal of the motion to compel arbitration without prejudice achieved essentially the same result, which was to defer a final determination of the arbitrability of the dispute. On this record, that determination has not yet been made, and therefore, there is no final, appealable order capable of appellate review.

## CONCLUSION

For the foregoing reasons, we conclude that we lack jurisdiction to review the order from which this appeal was taken, and we dismiss the appeal.

APPEAL DISMISSED.

———————

CARGILL MEAT SOLUTIONS CORPORATION,
APPELLEE, V. COLFAX COUNTY BOARD
OF EQUALIZATION, APPELLANT.
___ N.W.2d ___

Filed April 17, 2015.    No. S-14-701.

1. **Taxation: Judgments: Appeal and Error.** An appellate court reviews decisions rendered by the Tax Equalization and Review Commission for errors appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable.
3. **Taxation: Appeal and Error.** An appellate court reviews questions of law arising during appellate review of decisions by the Tax Equalization and Review Commission de novo on the record.