Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/08/2016 09:05 AM CDT

Kevin P. Pearce, appellant, v. Mutual of Omaha
Insurance Company and Continuum Worldwide
Corporation, appellees.

___ N.W.2d ___

Filed April 8, 2016.    No. S-14-947.

1. **Jurisdiction: Appeal and Error.** Before reaching the issues presented on appeal, an appellate court must determine whether it has jurisdiction, even where no party has raised the issue.
2. **Jurisdiction: Final Orders: Appeal and Error.** An appellate court lacks jurisdiction to entertain appeals from nonfinal orders.
3. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
4. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
5. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.
6. ____: ____. Numerous factors determine when an order affects a substantial right for purposes of an interlocutory appeal. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue. It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.
7. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not merely a technical right.
8. **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

9. **Final Orders: Arbitration and Award.** To affect a substantial right, an order denying arbitration must affect an essential legal right that was available prior to the order, such as depriving the moving party of the contractual benefits of an arbitration agreement.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Appeal dismissed.

Rodney K. Vincent, of Vincent Law Offices, for appellant.

James M. Bausch, Richard P. Jeffries, and Adam W. Barney, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellees.

Heavican, C.J., Connolly, Miller-Lerman, Cassel, and Stacy, JJ.

Stacy, J.

## I. NATURE OF CASE

Kevin P. Pearce filed this replevin action seeking the return of computers and files he alleges were wrongfully retained by his former principal after Pearce's agency relationship was terminated. The issues on appeal do not involve the replevin action directly, but instead involve the district court's denial of Pearce's motion to compel arbitration. Because we conclude there is no final, appealable order for us to review, we dismiss the appeal.

## II. BACKGROUND

Pearce worked as an agent of Mutual of Omaha Insurance Company (Mutual) and was a registered representative of Mutual of Omaha Investor Services, Inc. (MOIS). Pearce used his own personal computers to conduct work for Mutual and MOIS and stored both personal and client information on the computers.

In January 2014, Pearce's agency relationship was terminated by both Mutual and MOIS for reasons which do not appear in our record. Mutual retained Pearce's personal computers and files, allegedly to protect confidential client

information stored therein. Pearce refused to give Mutual and MOIS the passwords to his computers, and Mutual refused to return the computers to Pearce until the confidential information was removed. Pending resolution of the dispute, Mutual turned Pearce's computers and files over to a security firm, Continuum Worldwide Corporation (Continuum), for safekeeping.

### 1. ARBITRATION BETWEEN PEARCE AND MOIS

On March 27, 2014, MOIS initiated an arbitration proceeding against Pearce before a dispute resolution tribunal of the Financial Industry Regulatory Authority (FINRA). FINRA rules require any broker-dealer such as MOIS to arbitrate disputes with any "associated person" such as Pearce. The arbitration initiated by MOIS involved the dispute over the confidential information stored on Pearce's computers and sought to compel Pearce to provide passwords to the computers so that MOIS could recover confidential information and return the computers to Pearce. Pearce filed a counterclaim against MOIS in the arbitration, asking that MOIS be compelled to return Pearce's computers. The record indicates Pearce and MOIS have been actively participating in the arbitration proceeding, and during oral argument, this court was advised an arbitration hearing had been set for February 2016.

### 2. REPLEVIN ACTION BETWEEN PEARCE, MUTUAL, AND CONTINUUM

In April 2014, after arbitration proceedings were underway, Pearce filed this replevin action against Mutual and Continuum in district court. MOIS is not a party to the replevin action. The replevin action seeks return of the same computers and personal property at issue in the pending arbitration with MOIS. Before filing an answer, Mutual and Continuum filed a joint motion to stay and compel arbitration, asking the district court to stay the replevin action and order Pearce to participate in the already-filed arbitration with

MOIS. Pearce resisted the motion, explaining his opposition in a written response filed with the court:

> It is unique in that Mutual and Continuum are not claimants in the arbitration action brought against Plaintiff Pearce by MOIS. In fact, pursuant to FINRA Arbitration Rules, Mutual is exempt from FINRA arbitration . . . .
>
> . . . .
>
> . . . There is no contract, written or otherwise, between the Plaintiff Pearce and the Defendant Mutual that requires disputes between Pearce and Mutual be arbitrated. . . .
>
> . . . There is no contract between Plaintiff Pearce and Defendant Continuum, therefore no contract between the parties to arbitrate exists.

On August 19, 2014, the district court granted the motion to stay the replevin action, finding it involved the same operative facts and issues as those in the pending FINRA arbitration and reasoning that "[o]nce right of ownership is determined in the Pending Arbitration, this Stay would be lifted and Pearce could proceed with this replevin lawsuit, if the panel has not already ordered return of the personal property." The district court did not explicitly rule on the separate request that Pearce be compelled to arbitrate with MOIS, essentially finding the request moot and reasoning that arbitration was a "fait accompli" because Pearce already was participating in arbitration with MOIS.

On September 10, 2014, Pearce filed a motion to reconsider the August 19 order staying the replevin action. The district court denied the motion to reconsider, and Pearce did not appeal from that order.

Also on September 10, 2014, Pearce filed his own motion to compel arbitration in the replevin action. In his motion, Pearce sought an order requiring Mutual and Continuum to participate in the pending arbitration already underway between Pearce and MOIS. Pearce did not allege the existence of an arbitration agreement requiring either Mutual or

Continuum to arbitrate the dispute with Pearce, nor did Pearce allege the Uniform Arbitration Act (UAA)[1] was applicable. Instead, Pearce based his motion to compel arbitration on the claim that "the Court's reasoning and decision [in its order staying the replevin action] goes both ways." And Pearce expressed concern that Mutual and Continuum "should not be allowed to hide behind the stay granted in this action allowing their strawman, MOIS [to arbitrate] the matter, and, if MOIS is unsuccessful argue they were not parties to the Arbitration action."

In an order entered on September 29, 2014, the district court denied Pearce's motion to compel arbitration, explaining:

> The Court's power to compel arbitration is defined by Neb. Rev. Stat. § 25-2603(a), which requires the moving party to make a "showing of an agreement" to arbitrate. Here, [Pearce] has unequivocally denied the existence of such an agreement. Accordingly, he cannot make the showing required by the statute, and his motion to compel arbitration against [Mutual and Continuum] must be and is hereby denied.

Pearce timely appealed from the order denying his motion to compel arbitration. We moved the case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[2]

### III. ASSIGNMENTS OF ERROR

Pearce assigns, restated, that the district court erred in (1) denying his motion to compel Mutual and Continuum to arbitrate the issues in this matter and (2) failing to follow the law of the case established when the court granted the motion to stay filed by Mutual and Continuum.

---

[1] Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2008 & Cum. Supp. 2014).

[2] Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## IV. JURISDICTION

[1,2] Before reaching the issues presented on appeal, an appellate court must determine whether it has jurisdiction.[3] That is so even where, as here, no party has raised the issue.[4] Because an appellate court lacks jurisdiction to entertain appeals from nonfinal orders,[5] we first consider whether the order denying Pearce's motion to compel arbitration was a final, appealable order.[6]

### 1. Standard of Review

[3,4] A jurisdictional issue that does not involve a factual dispute presents a question of law.[7] When reviewing questions of law, we resolve the questions independently of the lower court's conclusions.[8]

### 2. Analysis of Jurisdiction

To determine whether the district court order denying Pearce's motion to compel arbitration is appealable, we first consider whether it is an appealable order under the UAA and next whether it is a final order under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2008).

### (a) Final, Appealable Orders Under UAA

The UAA authorizes a party to a judicial proceeding to apply for an order compelling arbitration of the dispute,[9] and

---

[3] See *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004).

[4] *Wilczewski v. Charter West Nat. Bank*, 290 Neb. 721, 861 N.W.2d 700 (2015).

[5] *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009).

[6] See *Wilczewski, supra* note 4.

[7] *Id.*

[8] *Id.*

[9] § 25-2603.

further provides that an appeal may be taken from an order denying such an application.[10] Specifically, "[a]n appeal may be taken from . . . [a]n order denying an application to compel arbitration made under section 25-2603."[11] An application under § 25-2603 is one "showing an agreement described in section 25-2602.01."[12] Section 25-2602.01 describes a variety of arbitration agreements. Pearce's motion did not reference the UAA, nor did Pearce allege the existence of an arbitration agreement, as § 25-2603 requires. And although Pearce's brief on appeal raises the possibility of a contractual obligation to arbitrate, we decline to consider that possibility, because Pearce did not raise it before the district court. Quite to the contrary, Pearce instead affirmatively represented to the district court that no arbitration agreement, "written or otherwise," existed between Pearce and Mutual or Continuum. An appellate court will not consider an issue on appeal that the trial court has not decided.[13]

Because Pearce made no showing of an arbitration agreement as described in the UAA, his motion to compel arbitration was not made pursuant to § 25-2603. As a result, the order denying Pearce's motion to compel arbitration is not appealable under § 25-2620 of the UAA.

### (b) Final Orders Under § 25-1902

[5] We next consider whether the order denying Pearce's motion to compel arbitration is a final order under § 25-1902. Under § 25-1902, an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding,

---

[10] § 25-2620(a)(1).

[11] *Id.*

[12] § 25-2603(a).

[13] *Speece v. Allied Professionals Ins. Co.*, 289 Neb. 75, 853 N.W.2d 169 (2014).

or (3) is made on summary application in an action after judgment is rendered.[14]

We have held that motions to compel arbitration invoke a specific statutory remedy that is neither an action nor a step in an action, and as such, the statutory remedy is properly characterized as a "special proceeding."[15] Here, no statutory remedy was invoked by Pearce, but assuming without deciding that Pearce's motion to compel arbitration was made in a special proceeding, we nevertheless conclude that the order denying arbitration did not affect a substantial right as defined in our jurisprudence.

[6] Numerous factors determine when an order affects a substantial right for purposes of an interlocutory appeal. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue.[16] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[17]

[7,8] Regarding the importance of the right affected, we often state that a substantial right is an essential legal right, not merely a technical right.[18] It is a right of "'substance.'"[19] We have elaborated further that an order affects a substantial right if it "'affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.'"[20]

---

[14] *Wilczewski, supra* note 4.

[15] *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010).

[16] *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015).

[17] *Id.*

[18] *Id.*

[19] *Id.* at 913, 870 N.W.2d at 138.

[20] *Id.* at 914, 870 N.W.2d at 138.

In *Webb v. American Employers Group*,[21] we held that an order denying a motion to compel arbitration was a final, appealable order because it affected a substantial right and was made during a special proceeding. In reaching that conclusion, we reasoned that the order affected the moving party's substantial rights by preventing it from enjoying the contractual benefit of arbitrating the dispute between the parties as an alternative to litigation.[22]

In *Speece v. Allied Professionals Ins. Co.*,[23] we cited *Webb* for the general proposition that "denial of a motion to compel arbitration is a final, appealable order because it affects a substantial right and is made in a special proceeding." But in *Speece*, as in *Webb*, it was clear from the record that the parties had a contractual agreement to arbitrate the dispute, and it was clear that the order denying arbitration deprived the moving party of the benefits of that arbitration agreement.

[9] We take this opportunity to clarify that our holdings in *Webb* and *Speece* do not stand for the broad proposition that every order denying arbitration will necessarily affect a substantial right. Rather, *Webb* and *Speece* illustrate that to affect a substantial right, an order denying arbitration must affect an essential legal right that was available prior to the order, such as depriving the moving party of the contractual benefits of an arbitration agreement.

Our recent opinion in *Wilczewski v. Charter West Nat. Bank*[24] further illustrates this point. In *Wilczewski*, we held that an order denying a motion to compel arbitration without prejudice was not a final, appealable order, because the order we were asked to review made no final determination one way or the other as to whether the arbitration clause

---

[21] *Webb, supra* note 3.

[22] *Id.*

[23] *Speece, supra* note 13, 289 Neb. at 80, 853 N.W.2d at 174.

[24] *Wilczewski, supra* note 4.

was enforceable under the Federal Arbitration Act.[25] As such, we concluded the order did not affect a substantial right of the appellant and was not a final, appealable order under § 25-1902.[26]

In the present case, it is key to our "substantial right" analysis that the district court denied Pearce's motion to compel arbitration only after concluding Pearce had failed to show the existence of any arbitration agreement or legal authority upon which to premise a right to arbitrate the dispute with Mutual and Continuum. Unlike the orders we considered in *Webb* and *Speece*, the order here cannot fairly be characterized as depriving Pearce of any contractual right to arbitrate that existed prior to the order from which he appeals, because Pearce relied on none. And like the order we considered in *Wilczewski*, the order here made no determination, one way or another, regarding the enforceability of an arbitration agreement, because the court was not presented with evidence from which it could make such a determination. In fact, when the district court asked Pearce for legal authority supporting his request to compel Mutual and Continuum to participate in the ongoing arbitration between Pearce and MOIS, Pearce admitted he had none. Provided with no arbitration agreement and cited to no legal authority, the district court denied Pearce's motion to compel arbitration. That is the order from which Pearce appeals.

On this record, we cannot find that the district court's order affected an essential legal right, or indeed any right of substance, nor can we find that the order affected the subject matter of the litigation by diminishing a claim or defense that was available to Pearce prior to the order from which he appeals.[27] On these facts, we conclude the order denying

---

[25] 9 U.S.C. § 1 et seq. (2012).

[26] *Wilczewski, supra* note 4.

[27] See *Jackson, supra* note 16.

arbitration did not affect a substantial right and, as such, is not a final order under § 25-1902 from which Pearce can appeal at this time.

For the sake of completeness, we note Pearce points out on appeal that other jurisdictions have applied equitable principles of estoppel to compel nonsignatories to participate in an arbitration. But Pearce did not present this argument to the district court. Consequently, the order denying arbitration neither analyzed nor made any final determination one way or the other regarding the applicability of equitable principles of estoppel to Pearce's motion to compel arbitration. Because the issue was not raised in the district court, and because the court's order did not consider or finally resolve any such claim, Pearce's attempt to argue principles of estoppel on appeal does not change our conclusion that the district court's order denying arbitration did not affect a substantial right. Like the order we considered in *Wilczewski*, the order here did not purport to make a final determination of the legal issue on which appellate review is sought, and as such, there is no final order on that issue for appellate review.

## V. CONCLUSION

The order denying Pearce's motion to compel arbitration is not an appealable order under the UAA and is not a final, appealable order under § 25-1902. In the absence of a final order, we lack jurisdiction and dismiss this interlocutory appeal.

APPEAL DISMISSED.

WRIGHT and McCORMACK, JJ., not participating.