Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/27/2017 09:09 AM CDT

Imad K. Mohammed, appellee, v. Claudia D. Rojas,
appellee, and State of Nebraska,
intervenor-appellant.

___ N.W.2d ___

Filed June 20, 2017.    No. A-16-295.

1. **Modification of Decree: Child Support: Appeal and Error.** Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion.

2. **Judgments: Words and Phrases.** An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Appeal and Error.** An appellate court will not consider an issue on appeal that the trial court has not decided.

4. **Modification of Decree: Child Support: Proof.** A party seeking to modify a child support order must show a material change in circumstances which (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered.

5. **Modification of Decree: Child Support.** A material change in circumstances must exist at the time of the modification trial because the court's decision to modify child support must be based upon the evidence presented in support of the complaint to modify and because the change in circumstances cannot be temporary.

6. **Modification of Decree: Child Support: Proof.** The party seeking the modification has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification.

7. **Judgments: Appeal and Error.** Where the record demonstrates that the decision of the trial court is correct, although such correctness is based

on a ground or reason different from that assigned by the trial court, an appellate court will affirm.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joe Kelly, Lancaster County Attorney, and Jessica A. Murphy for intervenor-appellant.

Mark T. Bestul, of Legal Aid of Nebraska, for appellee Imad K. Mohammed.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

The State of Nebraska, on behalf of the State of California, appeals from an order of the district court for Lancaster County, Nebraska, which found that no material change in circumstances had occurred to warrant a modification of Imad K. Mohammed's child support obligation for his and Claudia D. Rojas' two minor children. Based on the reasons that follow, we affirm.

## BACKGROUND

Mohammed and Rojas were married in February 2001, and two children were born of the marriage—one in October 2002 and one in April 2004. In August 2011, a decree was entered in Maricopa County, Arizona, dissolving their marriage, granting Rojas sole custody of the children, and entering a child support order. The Arizona court approved a downward deviation in child support from the guidelines' amount of $92.13 to $0, based upon an agreement of Mohammed and Rojas. The parties agreed to deviate "because of [Mohammed's] economic circumstances and state of health, and because the guideline amount is relatively small." At the time of the decree, Mohammed had income of $1,274 per month and Rojas had income of $1,560 per month.

In December 2012, Rojas and the children moved to California, and sometime thereafter, they began receiving public assistance. In July 2014, the State of California notified Nebraska that the children were receiving "Temporary Assistance for Needy Families" (TANF) and requested that Nebraska register the Arizona decree and file a complaint to modify child support.

After the decree was registered in Nebraska, the State filed a complaint to modify child support. The complaint alleged that "there has been a material change in circumstances that has lasted three months and can reasonably be expected to last for an additional six months." The matter was heard by the district court referee for Lancaster County. During the trial, the State offered the "general testimony" of Rojas, which was an affidavit form filled out by Rojas. Rojas indicated that her gross monthly income was $607 in family assistance and $648 in food stamps. She failed to fill out the section of the form which asked for the first and last month and year that she received TANF. She indicated only that the total amount of TANF she received was $607 as of March 2015. Rojas reported no income other than the public assistance received from the State of California.

When asked by the referee what material change in circumstances had occurred, the State specified, "[T]he material change in circumstances is that [Rojas] and [the children] moved from Arizona to California and began seeking public assistance."

Mohammed testified that he lives in Nebraska with his current wife and her five children, three of whom are his biological children. He also testified that he was working 26 to 27 hours per week, making $9 an hour.

The referee found that there had been a material change in circumstances since the entry of the original order in that the State of California was providing public assistance to the children and was seeking an order of support for reimbursement of a portion of that public assistance. The referee

recommended that child support be set using Mohammed's actual income at the time of the hearing, resulting in an order of $89 per month.

Mohammed filed an exception to the referee's recommendations, and a hearing was held before the district court. The district court found that the State had failed to produce evidence to show that Rojas was not receiving public assistance at the time of the original decree and failed to produce evidence that public assistance was not in the contemplation of the parties at the time of the decree. Accordingly, the district court determined that a material change in circumstances did not exist to warrant a modification of child support and it dismissed the State's complaint to modify.

## ASSIGNMENTS OF ERROR

The State assigns that the district court erred in (1) failing to find a material change in circumstances had occurred when the State of California began providing Rojas public assistance for the benefit of the minor children and (2) failing to order child support as recommended by the referee.

## STANDARD OF REVIEW

[1,2] Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Pearson v. Pearson*, 285 Neb. 686, 828 N.W.2d 760 (2013). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Kibler v. Kibler*, 287 Neb. 1027, 845 N.W.2d 585 (2014).

## ANALYSIS

[3] Although the State's first assignment of error is specific to the public assistance being a material change in circumstances, the State argues that there was a material change in

that Rojas' income had decreased and the State of California was providing public assistance for the minor children. The State did not argue to the referee or to the district court that her decrease in income was a change in circumstances, and therefore, it cannot argue it now. See *Pearce v. Mutual of Omaha Ins. Co.*, 293 Neb. 277, 876 N.W.2d 899 (2016) (appellate court will not consider issue on appeal that trial court has not decided). The only material change argued was that Rojas began seeking public assistance in California.

[4] A party seeking to modify a child support order must show a material change in circumstances which (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered. *Sellers v. Sellers*, 23 Neb. App. 219, 869 N.W.2d 703 (2015). The referee found, and the dissent agrees, that a material change in circumstances occurred when the State of California became an interested party and sought an order of support for reimbursement of a portion of the public assistance it provided Rojas. The district court concluded that a material change in circumstances did not exist because the State failed to produce evidence to show that Rojas was not receiving public assistance at the time of the original decree and failed to produce evidence that public assistance was not in the contemplation of the parties at the time of the decree. The record does not indicate if Rojas was receiving public assistance in Arizona at the time the decree was entered. The Arizona court determined Rojas' monthly income at that time was $1,560, but we do not know if that money was from employment or state aid. The Arizona proceedings are not in the record before us.

[5] Assuming without deciding that Rojas' receiving public assistance was a material change in circumstances, as the referee found and the dissent concludes, the State failed to meet its burden because it did not prove that the change existed at the time of the modification trial. In *Collins v. Collins*, 19 Neb. App. 529, 808 N.W.2d 905 (2012), we held

that the change in circumstances must exist at the time of the modification trial. We based our holding on two reasons. First, because the court's decision to modify child support must be based upon the evidence presented in support of the complaint to modify. Second, because the change in circumstances cannot be temporary. At the hearing before the referee, held in May and June 2015, the evidence showed that the total amount of TANF Rojas had received was $607 as of March 2015. Rojas' general testimony, which was filed on or about March 31, 2015, showed that her monthly income at that time included $607 in family assistance and $648 in food stamps. There is no information in the record as to when the assistance began or how long the assistance reasonably would be expected to last. Most important, there was no evidence that she was still receiving public assistance at the time of the modification trial.

The dissent notes that the district court did not address the rebuttable presumption set forth in Neb. Ct. R. § 4-217, which supports a conclusion that a material change in circumstances occurred. Section 4-217 provides that any 10-percent variation in the present child support obligation due to financial circumstances, which have lasted 3 months and can reasonably be expected to last for an additional 6 months, establishes a rebuttable presumption of a material change of circumstances. In concluding that a 10-percent variation exists, the dissent states: "[T]here is no dispute that Mohammed was paying no child support at all due to his agreement with Rojas in the Arizona consent decree." However, an analysis of the 10-percent variation provision under § 4-217 is not required where, as here, the evidence produced at trial fails to demonstrate that the purportedly changed financial circumstances existed at the time of trial and can be expected to continue for an additional 6 months.

The dissent also acknowledges that a district court "may accept or reject all or any part of the [child support referee's] report and enter judgment based on the court's own

determination," pursuant to Neb. Rev. Stat. § 43-1613 (Reissue 2016). However, the dissent fails to acknowledge that Rules of Dist. Ct. of Third Jud. Dist. 3-11(G) (rev. 2014) provides: "[T]he hearing before the court on the exception shall be de novo on the record before the referee. The court may ratify or modify the recommendations of the referee and enter judgment based thereon." Therefore, the district court had broad latitude in reviewing the referee's recommendation.

[6,7] The party seeking the modification has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification. *Collins v. Collins, supra*. The State failed to meet its burden. It did not present evidence to prove that a material change of circumstances existed at the time of trial or to show that the change was not temporary. Therefore, albeit for a different reason than that which the district court found, the district court did not err in failing to find that a material change in circumstances had occurred to warrant a modification of Mohammed's child support obligation. See *Semler v. Sears, Roebuck & Co.*, 268 Neb. 857, 689 N.W.2d 327 (2004) (where record demonstrates decision of trial court is correct, although such correctness is based on ground or reason different from that assigned by trial court, appellate court will affirm). The State's assignments of error are without merit.

## CONCLUSION

We conclude that the district court did not err in determining that a material change in circumstances did not exist to warrant a modification of Mohammed's child support obligation. Accordingly, the district court's order dismissing the State's complaint to modify is affirmed.

Affirmed.

Bishop, Judge, dissenting.

Modification of a registered child support order under the Uniform Interstate Family Support Act (UIFSA), Neb. Rev.

Stat. § 2-701 et seq. (Reissue 2016), "is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner," § 42-746(b). I am unable to join the majority opinion because I agree with the child support referee's determination that a material change in circumstances occurred when the State of California (California) became an interested party and sought assistance from the State of Nebraska (the State) to modify child support under UIFSA. The child support referee concluded:

> The difference in circumstances today from the Order in 2011 [Arizona decree] is that the State . . . has intervened in this action to seek an order of support. That intervention occurred after . . . California requested the assistance of [the State] in securing a support order. The UIFSA transmittal from California, which forms the basis for the State's complaint, indicates that the children of this case are receiving TANF funds (f/k/a ADC). Whether these funds were received at the time of the initial hearing is unknown from the hearing and from the record of the case. In any event, California is providing public assistance to the children and now seeks an order of support for reimbursement of a portion of the public assistance. That is a material change in circumstances in and of itself.

The record and the law support the referee's conclusion, as will be discussed below. And although the district court agreed that "[a]n application for public assistance may indeed constitute a material change in circumstances," the district court further concluded that the State "failed to produce evidence that [Rojas] was not receiving public assistance at the time of the original order." Further, the district court stated that "there was no evidence offered by the State that public assistance was not in the contemplation of the parties at the time of the previous order." However, whether either party

was on public assistance at the time of the Arizona consent decree, or whether they contemplated going on assistance at a later time, is irrelevant to the fact that Rojas is now living in California and receiving public assistance in that state. As noted by the State in its argument to the referee, California was never a party to the original Arizona agreement between Rojas and Mohammed, and Rojas' receipt of public assistance in California constitutes a material change, because California is now a party with an interest in child support being paid.

Since modifications of a registered child support order under UIFSA are subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state, we should consider the law applicable in Nebraska when a party applies for services under title IV-D of the federal Social Security Act. Upon an application by a party for such services, child support orders in such cases "shall be reviewed by the Department of Health and Human Services to determine whether to refer such orders to the county attorney or authorized attorney for filing of an application for modification." Neb. Rev. Stat. § 43-512.12(1) (Reissue 2016). The application "shall" be referred when the verifiable financial information indicates the present child support obligation varies from the Nebraska Child Support Guidelines "by more than the percentage, amount, or other criteria established by Supreme Court rule, and the variation is due to financial circumstances which have lasted at least three months and can reasonably be expected to last for an additional six months." § 43-512.12(1)(a). The percentage set forth in the guidelines is 10 percent. See Neb. Ct. R. § 4-217. Additionally, any 10-percent variation in the present child support obligation due to financial circumstances which have lasted 3 months and can reasonably be expected to last for an additional 6 months, "establishes a rebuttable presumption of a material change of circumstances." *Id*. Notably, nothing in the statute or the Supreme Court rule

requires proof of whether the parties may have been on title IV-D assistance somewhere else or what the parties may have previously contemplated with regard to public assistance. Rather, the rebuttable presumption of a material change in circumstances arises upon the variation in child support and the reasonable expectation as to the duration of the changed financial circumstances.

It is true that "upon receipt of the findings, recommendations, and exceptions," a district court "may accept or reject all or any part of the [child support referee's] report and enter judgment based on the court's own determination." Neb. Rev. Stat. § 43-1613 (Reissue 2016). However, the reasons supplied by the district court in its conclusion that there was no material change in circumstances in this case does not address UIFSA or the rebuttable presumption set forth in § 4-217 of the child support guidelines. Accordingly, the district court abused its discretion when concluding that the "State has failed to meet its burden of proof that there has been a material and substantial change of circumstances subsequent to entry of the original decree which was not contemplated when the prior order was entered." As noted, modification of child support does not always require proof of what the parties contemplated at the time of entry of an original decree; rather, a 10-percent variation in the present child support obligation due to financial circumstances which have lasted 3 months and can reasonably be expected to last for an additional 6 months, by itself, establishes a rebuttable presumption of a material change of circumstances.

Applied here, there is no dispute that Mohammed was paying no child support at all due to his agreement with Rojas in the Arizona consent decree. Mohammed did produce evidence of a limited income and a large family here in Nebraska that he needs to support. Therefore, the referee appropriately applied the rule for minimum child support set forth in the Nebraska Child Support Guidelines, which rule states:

It is recommended that even in very low income cases, a minimum support of $50, or 10 percent of the obligor's net income, whichever is greater, per month be set. This will help to maintain information on such obligor, such as his or her address, employment, etc., and, hopefully, encourage such person to understand the necessity, duty, and importance of supporting his or her children.

Neb. Ct. R. § 4-209. The purpose of § 4-209 is to provide some support even in cases of very low income in order to reinforce the duties and obligations of being a parent. *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014). Further, when another state is seeking this state's assistance to establish or modify child support under UIFSA, the procedures are designed to help facilitate interstate cooperation and consistency.

The general purpose of UIFSA is to unify state laws relating to the establishment, enforcement, and modification of child support orders. *Hamilton v. Foster*, 260 Neb. 887, 620 N.W.2d 103 (2000). The goal of UIFSA is to streamline and expedite interstate enforcement of support decrees and to eliminate the problems arising from multiple or conflicting support orders from various states by providing for one tribunal to have continuing and exclusive jurisdiction to establish or modify a child support order. *Id*. UIFSA provides a system where only one child support order may be in effect at any one time. *Id*. UIFSA allows, under certain circumstances, a Nebraska court to enforce or modify a support order issued in another state. *Id*.

As it is allowed to do under UIFSA, California, as the initiating tribunal in this case, filed a "Child Support Enforcement Transmittal #1 - Initial Request" document (California petition) seeking to register the Arizona dissolution decree, modify it, and establish income withholding. The California petition has boxes checked for the following attachments: "Uniform Support Petition," "General Testimony/Affidavit," and "Support Order(s)." It lists Rojas as the petitioner and Mohammed as the respondent. The California petition was

sent from the "Merced County Department of Child Support Services" to the "Clerk of the Court - Lancaster County." The California petition contains an "Initiating Tribunal Number," contains an "Initiating IV-D Case Number," and is marked as a "TANF" type of "IV-D Case." It shows Mohammed and Rojas' children as dependent children who had been living in California for 13 to 14 months. The California petition was sworn to and signed before a notary public on July 17, 2014; accordingly, this process was commenced 11 months prior to the final hearing (June 17, 2015) before the child support referee. Nothing in the record indicates that California ever sought to terminate the proceedings it commenced as the initiating tribunal in July 2014.

UIFSA permits a child support enforcement agency to file a petition or comparable pleading directly in a tribunal of another state which has or can obtain personal jurisdiction over the respondent. See § 42-714(b). Upon receipt of such petition or comparable pleading from an initiating tribunal (California), the responding tribunal (the State), "shall cause the petition or pleading to be filed and notify the petitioner where and when it was filed." § 42-718(a). The California petition was filed on September 12, 2014, in the district court for Lancaster County. The State, as "Intervenor," filed a "Complaint to Modify" on January 2, 2015, alleging that a registered "Foreign Support Order" was confirmed by the district court for Lancaster County on November 25, 2014. The State also alleged that the registered order provided for no child support for the minor children and that there had been a material change in circumstances that "has lasted three months and can reasonably be expected to last for an additional six months."

In the initial hearing before the referee on May 6, 2015, the referee immediately noted that "this is actually an interstate matter" and that California "has asked us to modify the order that we have registered in Nebraska." The State offered Rojas' general testimony/affidavit under UIFSA, along with other documents to which there were no objections. Section 42-729

provides for special rules of evidence and procedure under
UIFSA, and subsection (b) specifically provides that

> [a]n affidavit, a document substantially complying with
> federally mandated forms, or a document incorporated by
> reference in any of them, which would not be excluded
> under the hearsay rule if given in person, is admissible in
> evidence if given under penalty of perjury by a party or
> witness residing outside this state.

Thus, the general testimony/affidavit signed by Rojas on March
27 was properly received in lieu of her attendance and testi-
mony at the hearing.

The State called Mohammed to testify; however, after some
difficulty in communication during the initial questions and
answers, the referee continued the hearing to June 17, 2015,
so that an interpreter could be present. At the June 17 hearing,
Mohammed testified that he and Rojas "both went to the court
and we agreed that I don't pay child support at that time."
And although Mohammed testified that he was on public
assistance in Nebraska (housing, food stamps, and Medicaid),
he did not say anything about receiving public assistance
in Arizona.

The State argued that California was never a party to the
original agreement between Mohammed and Rojas and that
Rojas' receipt of public assistance in California constitutes a
material change, because California is now a party with an
interest in child support being paid. Further, "[N]ow there is
a third party, the State [on behalf of] California, seeking child
support to reimburse TANF funds, public assistance being
received for the children." The State noted that the Arizona
decree did not mention public assistance being received by
the children, and the State also pointed out that the State of
Arizona was not a party to the marriage dissolution action.

The referee stated during the hearing that the first concern
was determining "whether or not the fact that the State is now
a party is a material change in circumstances." Mohammed's
counsel argued there were no cases where an "obligee began

receiving benefits" constituted a change in circumstances. Additionally, Mohammed's counsel argued that even if it is a material change in circumstances, there was no evidence that the change was permanent, since "it's called Temporary Assistance to Needy Families. There's no evidence of the duration that's been presented to you today." The State countered that argument by noting that

the title of the public assistance should not mean that it is not going to reach the requirement of lasting for six months. This case was sent to us months ago. The mother is still on public assistance. There is nothing to indicate that that public assistance is going to stop in the next month or two.

As previously noted, California initiated this proceeding in July 2014. By the time it went to final hearing in June 2015, 11 months had passed. Approximately 3 months had passed since Rojas signed her general testimony/affidavit indicating her unemployment. Whether she continued to remain unemployed over the next 6 months is not relevant, because more than 6 months had passed since California initiated the action in July 2014. Additionally, the possible change in Rojas' future earnings in this case is not particularly relevant, since any income she might receive would not change Mohammed's obligation to pay minimal child support. The child support determined by the referee was not dependent on Rojas' earnings; rather, it was calculated based solely on Mohammed's net income. The referee's report cites to § 4-209, the minimum support rule discussed previously. Ten percent of Mohammed's net income results in a minimum child support obligation of $89 per month, which is precisely what the referee recommended. The referee also recommended that the child support should not be made retroactive to the date of filing "due to [Mohammed's] minimal earnings and the absence of a request for retroactive modification from the initiating State of California."

I conclude that the child support referee correctly determined that there had been a material change in circumstances warranting a modification in child support from zero support to minimal support. The determination of minimal child support was consistent with the record, the law, and the Nebraska Child Support Guidelines. The district court had the authority to reject the referee's report; however, based on the record and the law applicable to this case, it was an abuse of discretion to deny the State's request, on behalf of California, to modify child support in the amount recommended by the referee. Therefore, I would have reversed the district court's order with directions to enter an order denying Mohammed's exceptions and putting into effect the referee's findings and recommendations.