IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

NELSON ENGR. CONSTR. V. AUSTIN BLDG. & DESIGN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NELSON ENGINEERING CONSTRUCTION, INC., APPELLEE,

V.

AUSTIN BUILDING & DESIGN INC., APPELLANT.

Filed May 2, 2023.   No. A-22-319.

Appeal from the District Court for Dakota County: BRYAN C. MEISMER, Judge. Appeal dismissed.

Ethan E. Zweig and Joseph E. Cavasinni, of Hall & Evans, L.L.C., and Michael T. Eversden and Brian T. McKernan, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

David C. Briese and Daniel L. Hartnett, of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Ingredion Incorporated (Ingredion) is the owner of property that is the subject of a construction project in Dakota County. Austin Building & Design Inc. (Austin) is a general contractor on the project, and Nelson Engineering Construction, Inc. (Nelson), is a subcontractor. The contract between Ingredion and Austin calls for resolution of its disputes in state court, while the contract between Austin and Nelson calls for resolution of any claims through arbitration. Nelson filed an action against Ingredion and other lienholders, including Austin, in Dakota County District Court seeking to foreclose on construction liens and to recover in quantum meruit for expenses and labor provided for the project.

- 1 -

Austin later filed a motion to compel arbitration in the U.S. District Court for District of Nebraska (federal court) and filed a motion to stay proceedings in district court. The district court denied Austin's motion to stay, and in its order addressed the merits of the arbitrability issue pending before the federal court. Austin appeals, arguing that the district court effectively converted its motion to stay into a motion to compel arbitration. We conclude that Austin has not appealed from a final order and dismiss its appeal.

## STATEMENT OF FACTS

On November 30, 2018, Ingredion and Austin entered into a written contract (the prime contract) in which Ingredion retained Austin to design and construct a pea protein isolate facility in Sioux City, Nebraska. Austin subsequently entered into two subcontracts with Nelson, for concrete foundation work and steel work related to the project.

Section 2.6.1 of the prime contract requires that any subcontractor "must agree to abide [sic] all terms and conditions" of the prime contract. Section 1.1.1 of the general conditions of the subcontracts Austin entered into with Nelson specify that the prime contract is included under the definition of the subcontract documents and is "fully a part of the Subcontract as if attached to this Subcontract or repeated herein."

Section 13.5 of the prime contract provides that "any claim or cause of action . . . arising under or relating to this Agreement . . . shall be brought in District Court 6 for Dakota County, Nebraska." Section 2.2.9 of the general conditions of the subcontracts states "[a]ny claim that [Nelson] may have against Austin . . . or any claim that Austin may have against [Nelson] . . . shall be resolved exclusively through arbitration."

On October 7, 2021, Nelson filed a complaint against Ingredion and other lienholders, including Austin. Nelson sought to foreclose the construction lien it had filed against the real property owned by Ingredion where the project was performed. The complaint noted that Nelson included Austin as a defendant solely due to Austin's status as a junior lienholder. Nelson also included a claim to recover in quantum meruit, asserted only against Ingredion, for labor, materials, and services that Nelson provided for the project, totaling $2.5 million. The complaint included no claims asserted against Austin directly.

On December 20, 2021, Austin filed a complaint in federal court seeking an order compelling Nelson to arbitrate its claim against Austin. On the same day, Austin filed a motion to stay the district court action pending determination of arbitrability by the federal court. Austin's federal complaint is not a part of our record, but is referenced in its motion to stay. A telephonic hearing on Austin's motion to stay was held on January 31, 2022. At the hearing, the district court received copies of the prime contract and the subcontracts.

In an order entered on April 1, 2022, the district court denied Austin's motion to stay. The court found the language in the subcontracts providing for arbitration to be contrary to the language of the prime contract, which provides for disputes to be resolved in district court. The court further found that the prime contract contained language binding parties entering into subcontracts to the prime contract, and therefore the prime contract controlled. The court also noted that it had previously addressed this issue in a prior order entered in another case involving Ingredion, Austin, and Nelson, and that it was reaching the same conclusion as it had in that case. The court concluded that because the dispute resolution provisions of the prime contract were applicable, and the

arbitration provisions in the subcontract did not apply, there was no reason to stay the action pending the federal court's ruling on arbitration. We note that although the prior case noted by the district court was appealed to us, the parties stipulated to dismiss the appeal before we had an opportunity to address the jurisdiction question. See *Austin Building & Design Inc. v Ingredion Inc.*, 30 Neb. App. xvi (No. A-21-454, July 27, 2021).

Austin appeals.

## ASSIGNMENTS OF ERROR

Austin assigns that the district court erred in (1) denying Austin's motion to stay pending the resolution of the petition to compel arbitration before the federal court; (2) basing its decision regarding Austin's motion to stay on an improper resolution of an issue not before it by failing to consider the appropriate factors for determining the issue; and (3) finding that the contract between Austin and Nelson does not contain an enforceable arbitration agreement.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute presents a question of law. *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction. *Shasta Linen Supply v. Applied Underwriters, supra*. An appellate court lacks jurisdiction to entertain an appeal unless it is from a final order or a judgment. *Id.*

The threshold question before us is whether the district court's order, which denied Austin's motion to stay the state court proceedings pending resolution of its motion to compel arbitration filed in the federal court, is a final, appealable order. When the district court denied Austin's motion to stay, it also reached the merits of the arbitrability issue pending before the federal court, concluding that the arbitration provisions of the subcontract did not apply and that there was no reason to stay the action. Austin asserts that the district court's order is therefore substantively similar to the denial of a motion to compel arbitration.

Our appellate caselaw has contemplated jurisdictional questions related to motions to compel arbitration and motions to stay judicial proceedings pending arbitration. See *Pearce v. Mutual of Omaha Ins. Co.*, 293 Neb. 277, 876 N.W.2d 899 (2016); *Shasta Linen Supply v. Applied Underwriters, supra*; *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010); *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004). In each of these cases, the Nebraska Supreme Court has analyzed whether the orders entered by the trial court were final, appealable orders under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).

An order is final for purposes of appeal under § 25-1902 if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. See § 25-1902. Both parties concede that of the final orders referenced in § 25-1902, the applicable category for this case is an order affecting a substantial right made during a special proceeding.

The cases noted above all involved actions in which a motion to compel arbitration had been filed. In *Webb v. American Employers Group, supra*, the Nebraska Supreme Court found that the denial of the insurer's motion to compel arbitration under the Federal Arbitration Act affected a substantial right and was therefore a final, appealable order. Similarly, in *Kremer v. Rural Community Ins. Co., supra*, the court found that an order compelling arbitration and to stay the proceedings affected a substantial right and was appealable. On the other hand, in *Pearce v. Mutual of Omaha Ins. Co., supra*, the court found that the denial of a motion to compel arbitration was not an appealable order under § 25-1902 because the movant had not made a showing of an agreement to arbitrate. All of these cases recognized that the motion to compel arbitration was a special proceeding.

Here, Austin asks us to follow the reasoning in *Webb* and *Kremer*, arguing that the district court's order affected a substantial right in determining that Austin was not entitled to arbitrate its dispute with Nelson. Although we recognize that the district court order addressed the arbitrability of Nelson's claim against Austin, the fact remains that there was not a motion to compel arbitration filed in the district court. That issue was presented in a separate proceeding in federal court. The Nebraska cases cited above involved a single court deciding both whether to compel arbitration and whether to stay the action. Nebraska appellate courts have not addressed the jurisdictional implications of filing a motion to stay the proceedings in a state court and a motion to compel arbitration in a separate federal court proceeding.

We first address the question of whether this case is a special proceeding under § 25-1902, as we find this to be dispositive. A special proceeding occurs where the law confers a right and authorizes a special application to a court to enforce the right. *Tegra Corp. v. Boeshart*, 311 Neb. 783, 976 N.W.2d 165, 170 (2022). A special proceeding includes every special statutory remedy that is not in itself an action; thus, special proceedings and actions are mutually exclusive categories. *Id*. While a special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action are made, it is not an integral part of the action. *Id*.

Motions to compel arbitration invoke a specific statutory remedy that is neither an action nor a step in an action. As such, the statutory remedy is a special proceeding under § 25-1902. *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010). In *Kremer*, *Webb*, and *Pearce*, the motions to compel arbitration were made pursuant to a specific statute, such as the FAA or the UAA. While Austin argues that its motion to compel arbitration was authorized by the FAA, its motion to stay before the district court was itself not made pursuant to any specific arbitration statute. Rather, the motion to stay simply requested that the district court exercise judicial comity while the issue of arbitrability was pending before the federal court.

While the district court purportedly reached the merits of the arbitrability issue, the fact remains that Austin did not file a motion to compel arbitration before the district court. We find the Nebraska Supreme Court's holding in *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015), to be instructive. In *Shasta Linen*, an insured brought an action against a workers' compensation insurer and subsidiary reinsurer, seeking a declaratory judgment and injunctive relief related to arbitration, which was the subject of conflicting provisions in the insured's agreements with the insurer and reinsurer. The district court issued a temporary

injection and stay of arbitration. On appeal, the Supreme Court distinguished the facts of the case with those in *Kremer*. The Supreme Court in *Kremer* found that the order compelling arbitration affected a substantial right under § 25-1902 because an order disposing of all the issues *raised in an independent special proceeding* obviously affects the subject matter of the litigation by determining all of the parties' rights raised in the proceeding. *Shasta Linen Supply v. Applied Underwriters, supra* at 647 (emphasis added). The Supreme Court determined that those circumstances were not present in *Shasta Linen* because, among other reasons, a motion to compel arbitration had not been filed by the insurer and reinsurer. Because no motion to compel arbitration had been filed, the district court's order had not occurred during a special proceeding. The Supreme Court concluded that the stay ordered by the district court was not a final order and thus was not appealable.

We conclude that the reasoning of *Shasta Linen* controls in the case before us. Because Austin's motion to stay did not invoke a specific statutory remedy that is neither an action nor a step in an action, and because Austin did not file a motion to compel arbitration before the district court, the order here was not a final order in an action that effectively determines the action and prevents a judgment under § 25-1902. We conclude that the district court's denial of Austin's motion to stay proceedings was not a final order and thus is not appealable.

Given our determination that the order appealed from was not made in a special proceeding, we need not address whether the order affected a substantial right or whether the district court erred in addressing the enforcement of the arbitration clause in the subcontract between Austin and Nelson. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Avis Rent A Car Sys. v. McDavid*, 313 Neb. 479, 984 N.W.2d 632 (2023).

CONCLUSION

Austin has not appealed from a final order and we do not have jurisdiction to consider the merits of the appeal.

APPEAL DISMISSED.